# Brown *v.* Gray.

*Partnership—Receiver—Sale of partnership property pending suit for receiver.*

Pending an equity suit by one partner against another for an accounting and a receiver, in which no order has been made restraining the partners from selling partnership property and receiving the proceeds thereof, one partner may sell property which he claims as his own, but which the court subsequently finds to be partnership property, and receive the proceeds thereof, and a receiver subsequently appointed cannot successfully maintain an action of assumpsit to recover from the purchaser the value of the articles purchased.

Argued May 7, 1901. Appeal, No. 128, April T., 1901, by defendant, from judgment of C. P. Cambria Co., March T., 1898, No. 351, on verdict for plaintiff in case of John H. Brown, Receiver of George A. Yost and James P. Yost, trading as George A. & James P. Yost, *v.* Joseph A. Gray. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit for goods sold and delivered. Before LONGE-NECKER, P. J., specially presiding.

From the record it appeared that suit was brought to recover the sum of $750, being the proceeds of the sales of a steam driller alleged to have formerly belonged to the firm of George A. and James P. Yost. The facts are fully stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $893.62. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*P. J. Little*, with him *M. D. Kittell*, for appellant.—Defendant contends that the doctrine of lis pendens, which the court attempted to apply affecting Joseph A. Gray, was misunderstood by the equity court. Joseph A. Gray was not bound to pay for the driller a second time. He had bought and paid for it and, under the law, if his purchase were affected by the doctrine of lis pendens, he had no title to the driller, but it

would still be in the custody of the law, and liable to seizure and sale by the receiver. No cause of action arose, however, as against Joseph A. Gray other than an action for the recovery of possession of the property: Dovey's Appeal, 97 Pa. 153, 160; Tilton v. Cofield, 93 U. S. 163; Willet v. Willet, 3 Watts, 277; Stockham v. Stockham, 1 W. N. C. 84; Weiler v. Kershner, 109 Pa. 219; Boyer v. Bullard, 102 Pa. 555.

Defendant denies that the doctrine of lis pendens applies to movable personal property. This character of property has been exempt from the doctrine, and hence when-Joseph A. Gray, as shown, even by the testimony of plaintiffs, had purchased and paid for this property, he was not liable in the courts in this case : Diamond v. Lawrence County, 37 Pa. 353; County of Warren v. Marcy, 97 U. S. 96–105; Murray v. Lylburn, 2 Johns. Ch. (N. Y.) 441; Kieffer v. Ehler, 18 Pa. 388.

The statute of limitations began to run at the time of the appointment of a receiver. There was then a party capable of suing, and there was then (if at all) a cause of action: Marstellar v. Marstellar, 93 Pa. 350; Sensenman v. Hershman, 82 Pa. 83; McCallan v. Smith, 9 Pa.Superior Ct. 324.

*Alvin Evans*, with *John H. Brown* and *J. W. Leech*, for appellee.—Ordinarily the decree of the court binds only the parties to it; but he who purchases during the pendency of the suit is bound by the decree that may be made against the person from whom he derives title: Com. v. Dieffenbach, 3 Grant, 368; Hughes v. Kline, 30 Pa. 227.

A bill in equity is lis pendens, of which every one is bound to take notice : Diamond v. Lawrence County, 37 Pa. 353; Fessler's App., 75 Pa. 502; Green v. Rick, 121 Pa. 130; White v. Carpenter, 2 Paige, 237; Leitch v. Wells, 48 N. Y. 608.

The rule lis pendens applies to personal property as well as real estate : Freeman on Judgments (3d ed.), sec. 194; Lieffer v. Ehler, 18 Pa. 388.

OPINION BY W. D. PORTER, J., July 25, 1901:

The plaintiff as receiver of Geo. A. Yost and Jas. P. Yost, a partnership doing business under the style of Geo. A. & Jas. P. Yost, brought an action of assumpsit to recover of the defendant the sum of $751, with interest from

December 9, 1891. In his statement filed the plaintiff thus avers his right to recover such sum; "it being the price or value of a Keystone portable steam driller and fixtures, which belonged to the said firm of Geo. A. & Jas. P. Yost, and sold by Geo. A. Yost, one of the members of said firm, to said Joseph A. Gray, on or before the 8th day of October, 1888, and the right of the plaintiff to recover against the defendant for the price of said driller and fixtures is based and founded upon proceedings in equity, had in the court of common pleas of Cambria county . . . . wherein Jas. P. Yost is plaintiff, and Geo. A. Yost is defendant, in which the said Jas. P. Yost seeks a settlement and adjustment of the business of said firm of Geo. A. Yost & Jas. P. Yost, and a bill to that purpose was filed on the 7th day of February, 1887." The statement further recites that on September 5, 1887, a master and examiner was appointed in said equity proceedings, who filed his report on October 18, 1888, suggesting a preliminary decree for an accounting between the said partners and concerning the partnership business, and that such decree was made on December 3, 1888; that on October 7, 1891, it was adjudged and decreed that upon a full and true account being taken and stated between the parties and the business arising from the copartnership business there was due from the defendant Geo. A. Yost to the plaintiff, James P. Yost, the sum of $1512.83, with interest thereon from October 8, 1888; that on August 20, 1891, the plaintiff was appointed receiver. That on December 9, 1891, the court made the following order in the equity proceedings: "This cause came on for further hearing and was argued by counsel, and whereupon it was ordered and decreed that Jos. A. Gray pay into court or Jno. H. Brown, Esq., the receiver appointed in this case, the money due on the sale of the driller and fixtures on or before the next argument court, and upon such payment being made the injunction heretofore issued is dissolved, and that if such payment is not made at the time aforesaid, the said receiver is at liberty to bring suit for said money unless cause be shown to the contrary at argument." That the court subsequently made this order: "And now, April 17, 1897, the rule heretofore granted upon Jos. A. Gray is made absolute, and the receiver, Jno. H. Brown, is hereby authorized

and directed to bring suit against Jos. A. Gray for the property purchased by him from Geo. A. Yost, as described in the bill in equity, or for the value thereof."

The present action was instituted on February 15, 1898. The paper-book of appellant contains a very able discussion as to the effect of the statute of limitations upon this claim, but if he has correctly printed his record and docket entries he had failed by plea to interpose the bar of the statute. The plaintiff upon the trial offered in evidence the record and proceedings in the equity case of Yost against Yost, referred to in his statement, and rested. The defendant offered no testimony. The court gave binding instructions in favor of the plaintiff, which action is the subject of the sixth specification of error. Was the evidence presented by the record of the proceeding in equity such as to justify the instructions complained of?

The record offered in evidence established that the bill had been served on Geo. A. Yost, March 17, 1887, and that the court had subsequently made the orders and decrees hereinbefore quoted from the statement filed by plaintiff in the present proceeding. The bill alleged a partnership between the parties to that proceeding and that the steam driller in question, which was then in the possession of Geo. A. Yost, was partnership property. The answer of Geo. A. Yost denied that any partnership had ever existed, and alleged that the driller was his individual property. The findings of fact showed that on October 8, 1888, while the proceeding was pending, Geo. A. Yost sold the steam driller to Gray and subsequently received from the latter the full amount of the purchase money. The decree of the court determined the driller to be partnership property and in the settlement of the account between the partners Geo. A. Yost was charged with the sum of $750, the amount of the purchase money which he had received from Gray. At the time of the sale by Yost to Gray the court had issued no injunction restraining Geo. A. Yost from selling the driller or other partnership property. Gray was not a party to the equity proceeding and no attempt was made to connect him with it until some time after the final decree had been entered as between the partners, on October 7, 1891. No attempt was made to take the property from Gray by a summary process, or to proceed against him as for a contempt. The court was without juris-

diction to enter a judgment against him for the value of the property and did not attempt to do so. The only steps taken to connect him with the proceedings by force of which alone, without further evidence, the learned court below held that there must be a verdict against him for a specified sum of money, were the making of the orders of December 9, 1891, and April 17, 1897, respectively, set forth in plaintiff's statement and hereinbefore recited. Neither of those orders required Gray to pay into court, or to the receiver, any specific sum ; in each the court seems to have carefully refrained from taking any such step. The order of December 9, 1891, directed Gray " to pay into court, or to the receiver, the money due on the sale of the driller and fixtures on or before the next argument court, . . . . unless cause be shown to the contrary at argument court." This order was treated as a rule to show cause, and the order of April 17, 1897, made the rule absolute. If it be conceded that the court had jurisdiction to make these orders they cannot be construed to be a decree for the payment of any specific sum of money. The order of April 17, 1897, further authorized and directed Brown, the receiver, to bring suit against Gray for the property purchased by him from Geo. A. Yost, or for the value thereof. The authorization of a receiver to bring an action is not a judicial determination that the party against whom the action is to be brought is legally liable to pay any definite sum. The utmost that can be claimed for these orders is that they determine that any balance due from Gray upon the sale of the property was a debt due to the partnership, and that it was to be paid to Brown, the receiver, and not to either of the partners : such a decree the court had authority to make for it was the legitimate result of the decree of dissolution of the partnership and the appointment of the receiver. The amount which the court had charged Geo. A. Yost for this property in the settlement of the accounts as between the partners was not evidence of its value as against Gray, for he had no opportunity to be heard upon that question. In the present case the burden was upon the plaintiff to prove that the property was of some value ; this he failed to do and was, therefore, not entitled to a verdict.

It is not necessary in this case to pass upon the question, which has been learnedly argued, whether a purchaser, who buys during the pendency of a legal or equitable proceeding in

which the title of his vendor to the property is in issue, takes title subject to the determination of that issue. The question which was at issue in the proceeding during the pendency of which this defendant purchased was not whether his vendor had any title to the property in question. In the equity proceeding the defendant's vendor alleged that the driller was his individual property; if so he had the right to sell it. The plaintiff in the bill alleged, on the other hand, that the property of which Geo. A. Yost was in possession belonged to a partnership, of which said Yost was a member. In the absence of any restraining order a partner may sell the partnership property, and one who in good faith buys from a member of a firm who has the actual possession of the property, under such circumstances, acquires a good title. When Gray bought it was manifest that in whatever way the pending proceeding terminated, there being no order restraining the members of the firm which owned the property from selling, Geo. A. Yost had a right to sell; the only effect of the decree would be to determine the right to the proceeds of the sale. There being no injunction restraining Yost from receiving moneys due the firm, he had the right to receive payment for the goods down until the time when the injunction issued. Had any moneys remained due and owing by the defendant at the time the receiver was appointed, a payment to Geo. A. Yost would not after that time have been good, but there is here no pretense that such a state of facts existed. The learned judge who made the last order in the equity proceeding recognized this fact, and this no doubt is the explanation of the absence from the order of everything which could be held to be a decree for the payment of any specific sum of money by the defendant. The court permitted the receiver to take the chances of an action in a tribunal where facts might be developed in the determination of which it did not then have jurisdiction.

The judgment is reversed.